IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-00472-RTG
(Arapahoe County District Court Case No. 2025CV478)

DANNY ROY DILLARD, JR.,

    Plaintiff,

v.

WAYFAIR, LLC,

    Defendant.

## ORDER FOR SUMMARY REMAND

This matter is before the Court on the Notice of Removal (ECF No. 1) filed by Defendant on February 6, 2026. Defendant has removed to federal court a civil action filed in the Arapahoe County District Court. For the reasons stated below, this action will be remanded to the state court.

A notice of removal must contain "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). "Under 28 U.S.C. § 1441 a defendant in state court may remove the case to federal court when a federal court would have had jurisdiction if the case had been filed there originally." *Topeka Housing Authority v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005). "The removing party has the burden to demonstrate the appropriateness of removal from state to federal court." *Baby C v. Price*, 138 F. App'x 81, 83 (10th Cir. 2005).

There are two basic statutory grounds for original jurisdiction in federal district courts: federal-question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction

under 28 U.S.C. § 1332. *Nicodemus v. Union Pac. Corp.*, 318 F.3d 1231, 1235 (10th Cir. 2003). Defendant argues that this Court has jurisdiction over the instant action based on diversity jurisdiction under 28 U.S.C. § 1332. Section 1332 provides that "[t]he district courts shall have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000 . . . and is between (1) citizens of different States."

In his state court complaint, Plaintiff asserts a defamation claim against Defendant. Plaintiff alleges the following in support of the claim, which the Court quotes verbatim without correcting or identifying errors in spelling, grammar, or punctuation:

> On October 22nd 2025, Defamatory statements made by the defendant(s) employee. Which caused harm to my reputation, professional standing, and job opportunities. These representations were entirely malicious and made with reckless disregard for the truth.

(ECF No. 4.) Plaintiff seeks damages in the amount of $25,000 from Defendant.

Defendant alleges in the Notice of Removal that it is incorporated in the State of Delaware and has both its worldwide headquarters and principal place of business in Boston, Massachusetts, and that Plaintiff is a citizen of the State of Colorado. (*See* ECF No. 1.) Defendant also asserts that the amount in controversy exceeds the jurisdictional amount of $75,000 because, although Plaintiff requests only $25,000 in the complaint, "Plaintiff has indicated in his complaint that he is seeking a class action . . ., which multiples the amount of damages at issue in the United States District Court." (*Id.* at p.2.)

The Court is not persuaded that the amount in controversy exceeds the jurisdictional requirement. "[W]hen a defendant seeks federal court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested

2

by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (2014). And "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89. Here, the Court questions Defendant's amount-in-controversy allegation and finds that the notice of removal does not include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.

Defendant cites to page four of Plaintiff's complaint in support if its assertion that Plaintiff is seeking a class action. (*See* ECF No. 1 at p.2.) But Plaintiff's complaint is a one-page Complaint Under Simplified Civil Procedure and there is no indication in the complaint that Plaintiff is asserting his defamation claim on behalf of a class. (*See* ECF No. 4.) As noted above, Plaintiff alleges in support of his defamation claim only that an employee of Defendant made defamatory statements that caused harm to Plaintiff's reputation, professional standing, and job opportunities.

Plaintiff did file with his state court complaint a two-page "District Court Civil (CV) Case Cover Sheet for Initial Pleading of Complaint, Counterclaim, Cross-Claim or Third Party Complaint and Jury Demand" (ECF No. 1-4) on which a box is checked that states "[t]his is a class action, forcible entry and detainer, Rule 106, Rule 120, or other similar expedited proceeding." But checking that box does not transform Plaintiff's complaint asserting the defamation claim described above into a class action complaint.

For these reasons, the instant action will be remanded summarily to the state court. *See* 28 U.S.C. § 1447(c). Accordingly, it is

ORDERED that this action is remanded summarily to the Arapahoe County District Court. It is

FURTHER ORDERED that the clerk of this Court shall mail a certified copy of

this order to the clerk of the Arapahoe County District Court.

    Dated February 11, 2026, at Denver, Colorado.

                              BY THE COURT:

                                s/Lewis T. Babcock
                            LEWIS T. BABCOCK, Senior Judge
                            United States District Court